Filed 1/9/24  P. v. Sanabria CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORGE MARTINEZ SANABRIA,<br><br>    Defendant and Appellant. | D081649<br><br><br>(Super. Ct. No. SCN407906) |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Reversed and remanded with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.


In 2019, Jorge Martinez Sanabria was involved in a gang-related shooting.  Two years later, Sanabria pled guilty to aiding and abetting an

attempted murder and personally using a firearm in violation of Penal Code section 12022.53, subdivision (b).[1] After reforms to the state's murder laws were enacted, Sanabria petitioned for resentencing under section 1172.6. The trial court denied the petition, finding Sanabria had failed to state a prima facie case for relief. On appeal from that order, Sanabria asserts that because he could have been prosecuted under a natural and probable consequence theory, the trial court erred by denying his petition at the prima facie stage. For reasons we explain, we agree that denial at this early stage was improper and reverse the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

Sanabria's guilty plea stems from a gang altercation that ended with a shooting.[2] According to the probation officer's report, on the night of May 26, 2019, Jorge Martinez Sanabria, and other individuals, confronted Raymond S. about a debt Raymond owed to their gang. Sanabria and his companions beat up Raymond, and Sanabria shot Raymond in the left arm, chest, and back. A few days later, police found the gun used in the shooting when they stopped a car owned by Sanabria. A shell casing and a loaded magazine were also in the vehicle. DNA tests revealed that blood in the back seat came from Raymond. On November 25, 2019, Sanabria was arrested.

The San Diego County District Attorney filed a complaint charging Sanabria and a co-defendant with willful, deliberate, and premeditated attempted murder (count 1; §§ 664/187, subd. (a).) The complaint also alleged that Sanabria, but not his co-defendant, personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53,

---

[1] Subsequent undesignated statutory references are to the Penal Code.

[2] Because the defendant pled guilty and there was no trial, the facts are taken from the probation report and included solely for context.

2

subd. (d)), and that he personally inflicted great bodily injury on Raymond (§ 12022.7, subd. (a)).

On October 22, 2021, the District Attorney filed an amended complaint, which added an allegation that Sanabria personally used a firearm (§ 12022.53, subd. (b)). The amended complaint also charged Sanabria's co-defendant with assault with a deadly weapon (count 2; § 245, subd. (a)(1)) and being an accessory after the fact (count 3; § 32).

That same day, Sanabria pled guilty to attempted murder without premeditation and deliberation as a lesser offense of count 1, and admitted the firearm enhancement allegation under section 12022.53, subdivision (b). Under the plea agreement, the prosecution agreed to dismiss the balance of the charges brought against Sanabria and to a determinate sentence of 17 years in prison.

In his change of plea form, Sanabria stated: "On May 26, 2019, I did unlawfully aid and abet my co-defendant in an attempt to murder the victim in violation of Penal Code section 664/187 and I personally and intentionally used a firearm, to wit: a handgun, within the meaning of Penal Code section 12022.53[, subdivision] (b)." The form also included a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, stating that "[t]he sentencing judge [could] consider [his] prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."

At the change of plea hearing, the judge taking the plea asked Sanabria, "Are you pleading guilty and admitting the allegation because on May 26, 2019, you did unlawfully aid and abet your co-defendant in an attempt to murder the victim in violating Penal Code 664/187, and you

3

personally and intentionally used a firearm, to wit, a handgun, within the meaning of Penal Code section 12022.53 (b).  Is that what happened, sir?"  Sanabria responded "Yes."  On November 22, 2021, the court sentenced Sanabria to prison for the agreed-upon 17-year term.

On June 8, 2022, Sanabria filed a petition for resentencing under section 1172.6.  In the petition, Sanabria alleged that:  (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder pursuant to that doctrine; and (3) he could not presently be convicted of attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.  After appointing counsel for Sanabria, receiving submissions from both parties, and holding a prima facie hearing, the trial court denied the petition without issuing an order to show cause.  Sanabria filed a timely notice of appeal from the court's order.

DISCUSSION

I

*Senate Bill No. 1437*

"The Legislature enacted Senate Bill [No.] 1437 'to more equitably sentence offenders in accordance with their involvement in homicides.' (Stats. 2018, ch. 1015, § 1(b).)  The Legislature recognized, 'It is a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability.'  (*Id.*, § 1(d).)  With this purpose in mind, Senate Bill [No.] 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person

4

who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1(f).) Outside of the felony-murder rule, 'a conviction for murder requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea.' (*Id.*, § 1(g).)" (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)

"Senate Bill [No.] 1437 altered the substantive law of murder in two areas. First, with certain exceptions, it narrowed the application of the felony-murder rule by adding section 189, subdivision (e) to the Penal Code. Under that provision, 'A participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' (§ 189, subd. (e).)" (*Curiel, supra*, 15 Cal.5th at p. 448.)

"Second, Senate Bill [No.] 1437 imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).) 'Malice shall not be imputed to a person based solely on his or her participation in a crime.' (*Ibid*.) One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine. ([*People v. ]Gentile* [(2020)] 10 Cal.5th [830,] 846.) '[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense

5

he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the "natural and probable consequence" of the crime the accomplice aided and abetted (i.e., the nontarget offense). [Citation.] A nontarget offense is the natural and probable consequence of a target offense "if, judged objectively, the [nontarget] offense was reasonably foreseeable." [Citation.] The accomplice need not actually foresee the nontarget offense. "Rather, liability ' "is measured by whether a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the act aided and abetted." ' " ' (*Id*. at pp. 843–844.) Thus, under prior law, a defendant who aided and abetted an intended assault could be liable for murder, if the murder was the natural and probable consequence of the intended assault. (*Id*. at p. 844.) The defendant need not have intended the murder or even subjectively appreciated the natural and probable consequences of the intended crime. (*Id*. at pp. 843–844.) Senate Bill [No.] 1437 ended this form of liability for murder." (*Curiel, supra*, 15 Cal.5th at p. 449.)

"Senate Bill [No.] 1437 also enacted former section 1170.95, which created a procedural mechanism 'for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief' where the two substantive changes described above affect a defendant's conviction.' " (*Curiel, supra*, 15 Cal.5th at p. 449.) Two years later, by the passage of Senate Bill No. 775 on October 5, 2021, the Legislature amended the statute to expand the population of eligible offenders, including those convicted of attempted murder under a theory of liability abrogated by Senate Bill No. 1437; "codify certain aspects of [the Supreme Court's] decision in [*People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*)]; and clarify the procedure

6

and burden of proof at the evidentiary hearing stage of proceedings. (Stats. 2021, ch. 551, § 1.)" (*Curiel*, at p. 449.) Senate Bill No. 775 became effective on January 1, 2022. (Stats. 2021, ch. 551.) The following year, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.[3] (Stats. 2022, ch. 58, § 10.)

Under section 1172.6, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts ...." (§ 1172.6, subd. (a).)

The resentencing "process begins with the filing of a petition containing a declaration that all requirements for eligibility are met ([§ 1172.6], subd. (b)(1)(A)), including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill [No.] 1437 (§ 1172.6, subd. (a)(3))." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' (§ 1172.6, subd. (c); [citation].) If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. (See § 1172.6, subd. (c); [citation].)" (*Strong*, at p. 708.) If the petitioner states a prima facie case for relief, the court must

_____

[3]     We refer to the current statute throughout this opinion.

issue an order to show cause and, in most cases, set an evidentiary hearing to determine whether to vacate the conviction, recall the sentence, and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1).)

"In determining whether the petitioner has carried the burden of making the requisite prima facie showing he falls within the provisions of section 1172.6 and is entitled to relief, the superior court properly examines the record of conviction, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' (*Lewis, supra*, 11 Cal.5th at p. 971.) However, 'the prima facie inquiry under [section 1172.6,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, " 'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.' " ... "However, if the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' " ' " (*People v. Patton* (2023) 89 Cal.App.5th 649, 655–656, fn. omitted, review granted June 28, 2023, S279670.[4])

"We independently review a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

---

[4]    The Supreme Court's case summary in *People v. Patton* states, "This case presents the following issue: Did the trial court engage in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny defendant's Penal Code section 1172.6 petition at the prima facie stage? (See *People v. Lewis* (2021) 11 Cal.5th 952.)"

*Analysis*

Sanabria argues that the trial court erred by concluding he did not establish a prima facie case for relief under the new law.  Specifically, he asserts that because a conviction for attempted murder based on the natural and probable consequences doctrine was still possible under the state's murder laws at the time he entered his guilty plea, additional factfinding is necessary to determine if he qualifies for relief.  Sanabria also argues that the record of conviction on which the trial court relied to reach its determination lacks "assurance of the basis for the conviction" because he did not admit any facts and there was no preliminary hearing, police report, or other facts before the court showing he did not aid and abet a target offense other then attempted murder.  For instance, he contends, his "plea could arguably have been an admission of aiding and abetting of an attempted murder under the natural and probable consequences doctrine, with assault with a firearm as the target crime."

As discussed, Senate Bill No. 775 (2020–2021 Reg. Sess.), which became effective on January 1, 2022, amended section 1172.6 to make it applicable to convictions of attempted murder based on the natural and probable consequences doctrine.  (§ 1172.6, subd. (a).)  At the time of Sanabria's guilty plea several months earlier, the Supreme Court had granted review to resolve a conflict in the lower courts over whether the original statute applied to attempted murder convictions based on the natural and probable consequences doctrine.  (*People v. Lopez* (Nov. 13, 2019) S258175 [order granting review].)  Thus, the state of the law at the time of Sanabria's guilty plea did not definitively preclude an attempted murder conviction based on the natural and probable consequences theory of aiding

9

and abetting.  Because the law was unsettled, we reject the Attorney General's assertion that the Legislature's passage of Senate Bill No. 775 before Sanabria's change of plea hearing necessarily meant the parties understood its effect.

The Attorney General also asserts that Sanabria's change of plea establishes as a matter of law that he admitted guilt as a direct aider and abettor, rather than on a natural and probable consequences theory.  The plea form stated: "On May 26, 2019, I did unlawfully aid and abet my co-defendant in an attempt to murder the victim in violation of Penal Code section 664/187 and I personally and intentionally used a firearm, to wit: a handgun, within the meaning of Penal Code section 12022.53(b)."  This admission, however, shows only that Sanabria admitted that he aided and abetted his co-defendant's attempt to commit murder and that he used a firearm.  It does not identify the specific theory of aiding and abetting under which he was admitting such guilt.

Further, no other part of the limited record of conviction in this case conclusively establishes that Sanabria admitted his guilt on a direct aiding and abetting theory, rather than a natural and probable consequences theory. For example, Sanabria's generic admission that he "did unlawfully aid and abet [his] co-defendant in an attempt to murder the victim" could have been based on the theory that he knowingly aided and abetted his co-defendant's commission of a gang assault, and his co-defendant attempted to murder the victim as a natural and probable consequence of the assault.  (See, e.g., *People v. Medina* (2009) 46 Cal.4th 913, 919–928 [sufficient evidence that murder and attempted murder were natural and probable consequence of gang assault].)  "The plea consequently did not refute the defendant's allegation that he was eligible for relief."  (*People v. Eynon* (2021) 68

10

Cal.App.5th 967, 977; see also *People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*) [petitioner's guilty plea did not make him ineligible for section 1172.6 relief as a matter of law because "[i]n entering his plea, petitioner did not admit to or stipulate to any particular theory of murder"].)

In a section 1172.6 case involving a guilty plea, the court may not rely on the prosecution's factual theory of the case unless the defendant stipulated to it as part of the factual basis, "or otherwise admit[ted] the truth of the facts recited by the prosecutor." (*People v. Das* (2023) 96 Cal.App.5th 954, 961–964 (*Das*) [court could not rely on prosecutor's statement of factual basis that defendant stabbed victim with a knife attempting to kill him because defendant did not stipulate to or otherwise admit these facts].) "[A]llowing inquiry into the historical facts that may appear in the court's files but were never admitted by the petitioner as the factual basis for a plea … would … convert the prima facie inquiry into a factual contest." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 483 [court could not consider preliminary hearing testimony that defendant shot victim at close range because defendant never stipulated or admitted to it as a factual basis for his guilty plea].) Here, Sanabria made a prima facie showing because the complaint "allowed the prosecution to proceed" against him under a "natural and probable consequences theory" of aiding and abetting (§ 1172.6, subd. (a)(1)) and Sanabria's guilty plea did not otherwise conclusively establish that he admitted guilt under a still-valid theory of liability. (*Das,* at pp. 961–964.)

Finally, contrary to the Attorney General's arguments, Sanabria's admission to personal use of a firearm under section 12022.53, subdivision (b) does not necessarily foreclose the possibility that he pleaded guilty to attempted murder on a natural and probable consequences theory. "Personal use of a firearm may be found where the defendant intentionally displayed a

firearm in a menacing manner in order to facilitate the commission of an underlying crime." (*People v. Carrasco* (2006) 137 Cal.App.4th 1050, 1059.) Use does not require discharge of the weapon, or even that the weapon be pointed at the victim. (See *People v. Granado* (1996) 49 Cal.App.4th 317, 322.) Sanabria's admission that he personally used a firearm could mean that he simply brandished a gun. This would be consistent with a theory that Sanabria knowingly aided and abetted a gang assault, and his accomplice committed an attempted murder as a natural and probable consequence of the assault.

Adjudicating a section 1172.6 petition involving a guilty plea poses unique challenges. In contrast to a conviction after trial, "the record of conviction involving a plea 'will generally lack any comparable assurance of the basis for the conviction.' " (*Flores, supra*, 76 Cal.App.5th at p. 990 [quoting *People v. Rivera* (2021) 62 Cal.App.5th 217, 237].) Given the " 'very low' " bar at the prima facie stage and the prohibition against fact-finding (*Lewis, supra*, 11 Cal.5th at p. 972), courts may not read into a guilty plea anything more than what the defendant actually admitted. The complaint filed against Sanabria "did not specify that he was being charged with attempted murder as the person who [shot] victim with the intent to kill, nor did it limit the prosecution's ability to proceed on a natural and probable consequences theory at trial." (*Das, supra*, 96 Cal.App.5th at p. 963.) Because Sanabria did not admit or stipulate to this a factual basis that showed his intent to kill, "we cannot conclude the record of conviction conclusively refutes defendant's entitlement to relief as a matter of law." (*Ibid.*)

DISPOSITION

The order denying Sanabria's petition for resentencing is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing on the petition.


                                                        McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.